## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 98-cr-81099

DELANO SANDERS,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE
## PURSUANT TO AMENDED SENTENCING GUIDELINES

The matter is before the court on a determination for a possible reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  Pursuant to a Rule 11 plea agreement, Defendant pled guilty to distribution of crack cocaine, 21 U.S.C. § 841(a)(1) on May 20, 1999.  Defendant was sentenced on September 7, 1999 to a term of 264 months imprisonment.  On April 9, 2001, this court amended its Judgment and reduced Defendant's sentence to 171 months after considering a motion for reduction of sentence by the Government pursuant to Rule 35.  Defendant, currently incarcerated at the Federal Prison Camp in Pensacola, Florida, filed a motion for reduction of sentence on April 27, 2009.  The Government filed a response on May 6, 2009.  For the reasons stated below, the court will deny the motion.

### I. DISCUSSION

On November 1, 2007, the Sentencing Commission lowered the offense levels assigned to cocaine base crimes in an effort to correct the disparity between sentences for cocaine base offenses and other drug offenses.  U.S. Sentencing Guidelines Manual

app. C amend. 706 (2007).   On March 3, 2008, these amendments became retroactive. USSG app. C amend. 716 (Supp. May 1, 2008).  Defendant argues that he is eligible for a reduction in sentence due to application of these amendments.  The Government, disagrees, and argues that Defendant's status as a career offender precludes any reduction in sentence.  Specifically, because the guideline range used to calculate Defendant's sentence took into account the fact that Defendant was a career offender, the applicable guideline range is therefore not one that has been amended.  The Government contends that Defendant is thus ineligible for a reduction in sentence.

The Sixth Circuit recently addressed this issue in *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009).  In *Perdue*, the Sixth Circuit held that "a district court may not grant a motion for a reduction in sentence premised upon Amendment 706 if the defendant seeking the reduction was originally sentenced as a career offender."  *Id.* at 292 (citing *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009); *United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008)); *see also United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008) (holding that a career offender convicted of a cocaine base offense could not seek relief under Amendment 706 because "the sentencing range applied to his case [was] derived exclusively from the Guidelines' unamended career offender provision set forth in U.S.S.G.  § 4B.1(a), not the amended drug-quantity table listed at U.S.S.G. § 2D1.1."); *United States v. Leasure*, No. 07-6235, 2009 WL 1546370, at *6 (6th Cir. June 3, 2009) (holding that the defendant's sentence could only be reduced "if the defendant was sentenced under the provision that was amended," and the defendant was ineligible for

2

a reduction under Amendment 706 because his "offense level was calculated pursuant to the unchanged career offender provision.").  In sum, if a defendant is sentenced under a guideline range which has not been reduced, such as the guideline ranges for career offenders, then the defendant is ineligible for a reduction in sentence.

There is no dispute that Defendant was sentenced as a career offender or that he was correctly classified as a career offender.  Instead, Defendant's motion, filed before *Perdue* was issued, argues that he should receive a reduction despite his status as a career offender.  First, Defendant contends that his sentence was "based on" the crack cocaine guideline range because the court had "occasion to consider the difference between the non-career offender guidelines, and also the career offender guideline range."  (Def.'s Mot. Br. at 3.)  Defendant asserts that all sentences involving cocaine base offenses, including those for career offenders, are loosely "'based on' the crack guideline sentencing ranges because those ranges represented the starting point of the Guideline analysis . . . even for defendants ultimately sentenced under § 4B1.1." (*Id.* at 4.)  Accordingly, Defendant argues that his sentence may be modified because the sentence was "based on a sentencing range that has subsequently been lowered[.]" 18 U.S.C. § 3582(c)(2).  Not only does Defendant's argument provide a strained interpretation of § 3582(c)(2), but this argument has been considered, and rejected, by the Sixth Circuit in *United States v. Lockett*, No. 08-4259, 2009 WL 2445733 (6th Cir. Aug. 10, 2009).  In *Lockett,* the defendant argued that because the § 2D1.1 range was "considered" by the district court, then his sentence was "based on" § 2D1.1 even though he was ultimately sentenced under § 4B 1.1.  *Id.* at *2.  The Sixth Circuit stated that "[w]hile he is correct that the court calculated his offense level under § 2D1.1, it

3

never relied upon that offense level in calculating his sentence.  Instead, the court

based his sentence on the offense level under § 4B1.1, which Amendment 706 did not

amend."  *Id.*  The Sixth Circuit then held that the defendant was ineligible for a sentence

reduction.  *Id.*  Because the Sixth Circuit has already rejected Defendant's exact

argument, he cannot rely upon it in this case.

Defendant also argues that all guideline calculations are advisory and therefore

the court is not inhibited from granting the relief that he seeks.  (Def.'s Mot. Br. at 3

(citing *Kimbrough v. United States*, 128 S.Ct. 558 (2000).)   Defendant asserts that the

Sentencing Commission cannot limit the court's authority to reduce a sentence.  (*Id.*)

However, as with his previous argument, the Sixth Circuit has already rejected this

argument.  In *Perdue*, the defendant argued that the advisory nature of the guidelines

meant the court necessarily had the power to reduce his sentence based upon

Amendment 706.  *Perdue*, 572 F.3d at 292.  The Sixth Circuit disagreed, holding: "This

argument, however, is without merit.  Even assuming *arguendo* that the Sentencing

Commission has no authority to limit the district court's ability to reduce Perdue's

sentence, *Congress* may certainly cabin the court's discretion, and it does so expressly

in the text of 18 U.S.C. § 3582(c)(2)."  *Id.*  Defendant's identical argument in this case is

also without merit.

Defendant's motion for reduction in sentence must be denied under *Perdue*.  He

was sentenced as a career offender, and is thus ineligible for a reduction in sentence.

## II. CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's "Motion for

Reduction of Sentence Pursuant to Amended Sentencing Guidelines" [Dkt. # 30] is

4

DENIED.

                                  S/Robert H. Cleland
                                  ROBERT H. CLELAND
                                  UNITED STATES DISTRICT JUDGE

Dated:  October 16, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 16, 2009, by electronic and/or ordinary mail.

                                  S/Lisa Wagner
                                  Case Manager and Deputy Clerk
                                  (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\98-81099.SANDERS.DenyModification.CareerOffender.wpd